IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 3 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00544-BNB

CRAIG L. POINDEXTER,

    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Applicant, Craig L. Poindexter, is in the custody of the Colorado Department of Corrections (DOC) at the Colorado State Penitentiary at Cañon City, Colorado. Mr. Poindexter initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 30, 2007, he filed an amended habeas corpus application on the proper form. The Court must construe the amended application liberally because Mr. Poindexter is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Poindexter will be ordered to file a second amended application.

Mr. Poindexter's amended application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. See Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of*

*Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Poindexter's amended application fails to provide the supplemental information attached to the application he originally filed. Therefore, the Court has referred to the attachments to the original application, as well as to the amended application, in order to summarize the proceedings discussed below. Mr. Poindexter alleges that he initially was charged with three felonies in Jefferson County District Court case number 03-CR-645: attempted first-degree sexual assault, second-degree burglary, and second-degree assault while in custody. He proceeded to trial on those charges, and the jury found him guilty of the lesser-included offenses of second-degree criminal trespass and third-degree assault, both of which are misdemeanors. The jury was unable to reach a verdict on the attempted first-degree sexual assault count, and the court declared a mistrial as to that count.

Therefore, Mr. Poindexter accepted a plea bargain in which he pleaded guilty to the added count of possession of a schedule II controlled substance, in exchange for dismissal of the first-degree sexual assault and habitual criminal counts. He received a

five-year sentence to the DOC, served the entire term of the sentence, and was released on a three-year mandatory parole.

As a condition of his parole, Mr. Poindexter was ordered to participate in an intensive supervision program, wear an ankle bracelet monitor, and remain at his mother's home when the curfew was in effect. He violated the terms of his parole and was charged with escape. On September 12, 2003, he was convicted by a jury of escape. Following his conviction for escape, he was sentenced on December 8, 2003, to a six-year term in the DOC plus a period of mandatory parole.

After that, Mr. Poindexter's state court proceedings become confusing. He apparently attempted to set aside his escape conviction by filing a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the trial court, which denied the motion. However, he fails to allege the date on which he filed the Fed. R. Civ. P. 35(c) motion. He alleges that on December 1, 2005, the Colorado Court of Appeals affirmed the denial of the Fed. R. Crim. P. 35(c) postconviction motion. Certiorari review appears to have been denied on July 17, 2006.

On February 8, 2007, Mr. Poindexter appears to have filed another postconviction Colo. R. Crim. P. 35(c) motion attacking his escape conviction in the Jefferson County District Court. On February 21, 2007, the Jefferson County District Court denied the motion as time-barred. The trial court explained that because Mr. Poindexter was convicted of a class-three felony on September 12, 2003, he could only bring a collateral attack on his conviction before September 12, 2006, which he failed to do. The Court received the instant action for filing on March 9, 2007.

Mr. Poindexter's application fails to provide a short and plain statement of his claims showing that he is entitled to relief. He will be given an opportunity to do so. Mr. Poindexter will be directed to file a second amended application that complies with Fed. R. Civ. P. 8 using the proper, Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The second amended application Mr. Poindexter will be directed to file must stand on its own as a pleading that asserts, clearly and concisely, each claim Mr. Poindexter intends to assert in this action, and may not incorporate by reference any of the other habeas corpus applications Mr. Poindexter has submitted in this action.

In addition, Mr. Poindexter will be directed to clarify in the second amended application which conviction his asserted claims are attacking, i.e., his original conviction or his September 12, 2003, conviction on escape charges. If he is attacking his original conviction, he also needs to provide the dates of his original conviction, inform the Court whether he appealed directly from that conviction, and provide the dates of disposition for his appeal and petition for certiorari review.

Mr. Poindexter is reminded that he is required to exhaust state remedies regarding his habeas corpus claims before seeking federal intervention. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the highest state court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

4

Finally, pursuant to 28 U.S.C. § 2243, a habeas corpus application must be directed to the person who is the custodian of the person detained. The correct respondent, in addition to the attorney general of the state of Colorado, would be the custodian of the facility where Mr. Poindexter is detained or incarcerated. Therefore, Mr. Poindexter will be directed to name the proper respondents in the second amended application he is being directed to file. Accordingly, it is

ORDERED that Mr. Poindexter submit **within thirty (30) days from the date of this order** a second amended application that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Poindexter, together with a copy of this order, two copies of the following form to be used in submitting the second amended application: Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Poindexter fails to submit a second amended application to the Court's satisfaction within the time allowed, the amended habeas corpus application will be denied and the action will be dismissed without further notice.

DATED March 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00544-BNB

Craig Poindexter
Reg. No. 99811
Colorado State Penit
P.O. Box 777
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on __4-3-07__

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk