IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00544-EWN-CBS

CRAIG L. POINDEXTER,
    Applicant,
v.

ARISTEDES ZAVARAS, D.O.C. Exec. Director,
WARDEN REID of Colorado State Pent., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action is before the court on Mr. Poindexter's Second Amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" ("Petition") (filed April 23, 2007) (doc. # 5). Pursuant to the General Order of Reference dated May 10, 2007 (doc. # 8), this civil action was referred to the Magistrate Judge to, *inter alia*, "submit to me proposed recommendations . . . ." The court has reviewed the Petition, Respondents' Answer (filed May 23, 2007) (doc. # 12), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.   Background

Mr. Poindexter is currently on parole and residing in Denver, Colorado. (*See* doc. # 13). For offenses committed on January 31, 1998, Mr. Poindexter "was initially

1

charged with three felonies: attempted first degree sexual assault, second degree burglary, and second degree assault while in custody." (*See People v. Poindexter*, Colo. App. No. 04CA0143, December 1, 2005 (not published pursuant to C.A.R. 35(f)) Exhibit D (doc. # 12-5) at p. 3 of 6; Exhibit A (doc. # 12-2) at pp. 28-30 of 40). On December 10, 1998, a jury convicted Mr. Poindexter "of the lesser included offenses of second degree criminal trespass and third degree assault, both of which are misdemeanors." (*See* Exhibit D (doc. # 12-5) at p. 3 of 6; Exhibit A (doc. # 12-2) at pp. 32, 34, 38 of 40). The jury did not reach a verdict on the charge of attempted first degree sexual assault and the trial court "declared a mistrial as to that charge." (*See* Exhibit D (doc. # 12-5) at p. 3 of 6; Exhibit A (doc. # 12-2) at p. 38 of 40). Mr. Poindexter subsequently "accepted a plea bargain in which he pled guilty to the added count of possession of a schedule II controlled substance, in exchange for dismissal of the first degree sexual assault and habitual criminal counts." (*See* Exhibit D (doc. # 12-5) at p. 3 of 6; Exhibit A (doc. # 12-2) at pp. 33, 39 of 40). The trial court imposed a five-year sentence of imprisonment and a three-year term of mandatory parole. (*See* Exhibit D (doc. # 12-3) at p. 3 of 6; Exhibit A (doc. # 12-2) at p. 39 of 40).

As a condition of his parole, Mr. Poindexter was ordered to participate in an Intensive Supervised Parole ("ISP") program and reside at his mother's home. (*See* Exhibit B (doc. # 12-3) at p. 5 of 11; Exhibit D (doc. # 12-5) at p. 4 of 6). In February 2003, Mr. Poindexter left his mother's house and did not return. *Id.* Four days later he was arrested for shoplifting in Denver. *Id.* Mr. Poindexter was subsequently charged with escape for leaving his ISP program without permission. *Id.* A Jefferson County

jury convicted Mr. Poindexter of escape. (*See* Exhibit B (doc. # 12-3) at p. 6 of 11; Petition (doc. # 5) at p. 22 of 22).

Prior to sentencing, Mr. Poindexter filed, *inter alia*, a Crim. P. 35(c) motion to set aside the judgment of conviction for escape. Mr. Poindexter argued that the factual basis of his conviction for possession of controlled substances "involved unlawful sexual behavior and thus, pursuant to *People v. Cooper*, 27 P.3d 348, 357 (Colo. 2001), he was a sex offender and could not have been subject to a term of mandatory parole." (*See* Exhibit B (doc. # 12-3) at p. 6 of 11). "Consequently, according to Mr. Poindexter's theory, his parole term was void and he could not have been convicted of escape for having left" parole without permission. (*See* Exhibit B (doc. # 12-3) at p. 6 of 11). The trial court denied Mr. Poindexter's motion and imposed a sentence of six years plus a 60-month term of mandatory parole. (*See* Exhibit B (doc. # 12-3) at p. 6 of 11; Exhibit (doc. # 12-2) at p. 7 of 40); Exhibit E (doc. # 12-6) at p. 29 of 45; Petition (doc. # 5) at p. 22 of 22).

Mr. Poindexter appealed the denial of "his Crim. P. 35(c) motion to set aside the judgment of conviction entered on a jury verdict finding him guilty of escape, § 18-8-208 C.R.S. 2005." (*See* Exhibit D (doc. # 12-5) at p. 3 of 6; Exhibit A (doc. # 12-2)). On December 1, 2005, the Colorado Court of Appeals affirmed the trial court's denial of Mr. Quintano's Crim. P. 35(c) motion. (*See People v. Poindexter*, Colo. App. No. 04CA0143 (Exhibit D (doc. # 12-5)). On or about April 10, 2006, Mr. Poindexter filed a petition for *writ of certiorari*. (*See* Exhibit E (doc. # 12-6)). The Colorado Supreme Court denied Mr. Poindexter's petition for *writ of certiorari* on July 17, 2006 in Case No.

3

06SC221.  (*See* Exhibit F (doc. # 12-7)).  The Colorado Court of Appeals issued its mandate on July 20, 2006.  (*See* Exhibit G (doc. # 12-8)).

Mr. Poindexter filed this Petition in federal court on or about March 20, 2007. (*See* "Order Directing Clerk to Commence Civil Action and Directing Applicant to Cure Deficiency" (doc. # 1)).  Mr. Poindexter raises three claims: (1) that his classification as a sex offender by the Colorado Department of Corrections required that the Colorado courts treat him as a sex offender for purposes of his claim; (2) that he could not have been convicted of escape because his mother's home was not an approved ISP site; and (3) that his escape conviction was based on someone else's conviction.  (*See* Petition (doc. # 5) at pp. 5-6 of 22).

II.  One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

III. Exhaustion of State Remedies

"A threshold question that must be addressed in every habeas case is that of exhaustion."  *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. *Miranda*

*v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1).

Exhaustion requires that a habeas corpus petitioner "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The exhaustion requirement is satisfied when the state courts have had "one full opportunity" to pass upon and correct alleged constitutional violations. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court. *O'Sullivan*, 526 U.S. at 845-47. It is not sufficient that the claim asserted in a federal habeas application is somewhat similar to one presented to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Additionally, in order to meet the exhaustion requirements of § 2254(b)(1), the claim advanced pursuant to federal habeas must have been submitted to the state courts as one arising under the federal constitution.

As a threshold matter, Respondents contend that Mr. Poindexter has failed to exhaust his state court remedies as to Claims Two and Three because he did not present these claims in the state courts. Respondents further contend that Mr. Poindexter is now procedurally barred from bringing these claims before the state courts and that these claims should be dismissed with prejudice due to procedural default. The court agrees.

In Claim Two, Mr. Poindexter alleges that he could not have been convicted of escape because his mother's home was not an approved ISP site. (*See* Petition (doc.

# 5) at pp. 6 of 22). In Claim Three, Mr. Poindexter alleges that his escape conviction was based on someone else's conviction. (*See id.*). Mr. Poindexter did not raise these claims in the Colorado Court of Appeals or the Colorado Supreme Court. (*See* Exhibit A (doc. # 12-2); Exhibit E (doc. # 12-6)). Exhaustion requires that a claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court. *O'Sullivan*, 526 U.S. at 845-47. Because Mr. Poindexter did not present these claims to the state courts, he has not exhausted his state remedies as to these claims.

IV. Procedural Default

"Generally, when a habeas petitioner has failed to exhaust state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued." *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). However, "if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review." *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted). *See also Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims may be barred).

A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision. *English v. Cody*, 146 F.3d 1257, 1259 (10th

Cir.1998). To be adequate, "a state's procedural rule used to bar consideration of a claim must have been firmly established and regularly followed by the time as of which it is to be applied." *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1344 (10th Cir. 1999) (citations and internal quotation marks omitted). *See also Hickman v. Spears*, 160 F.3d 1269, 1270 (10th Cir. 1998) (state procedural rule is adequate if the state strictly or regularly follows it and applies the rule evenhandedly to all similar claims).

Procedural default is a matter of state law. Mr. Poindexter can no longer raise his unexhausted claims in the state courts on direct appeal. *See* C.A.R. 4(b) ("in a criminal case the notice of appeal by a Defendant shall be filed in the appellate court . . within forty-five days after the entry of the judgment or order appealed from"); C.A.R. 52(b) ("any petition for writ of certiorari to review a judgment of the Court of Appeals shall be filed in the Supreme Court within thirty days . . ."). Once the time for direct appeal has expired, the appropriate method of attacking a criminal conviction is through a motion pursuant to Colo. R. Crim. P. 35(c).

The time limit for Mr. Poindexter to apply for post-conviction review pursuant to Crim. P. 35 has also expired. *See People v. Green*, 36 P.3d 125, 126, 128 (Colo. 2001) (person convicted under a criminal statute is prohibited "from collaterally attacking the validity of that conviction unless the attack is commenced within three years of the conviction"). A state court will not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner. *See* Colo. R. Crim P. 35(c)(3)(VI). Further, "[s]ubject to enumerated

7

exceptions, claims that could have previously been brought on direct appeal or in postconviction proceedings must be denied." *People v. Valdez*, __ P.3d __, 2007 WL 4531716 (Colo. App. Dec. 27, 2007) (citing Crim. P. 35(c)(3)(VII)). The unexhausted claims alleged in the Petition concern facts that had taken place or were within Mr. Poindexter's knowledge prior to his appeal of the trial court's denial of his Crim. P. 35(c) motion. These prohibitions on raising claims in a post-conviction motion are adequate and independent state procedural bars to federal habeas review.

Mr. Poindexter claims that his failure to exhaust Claim Three is excused because he presented it in his postconviction motion filed on February 8, 2007 and the trial court found it untimely under the limitation period set forth in Colo. Rev. Stat. § 16-5-402. (*See* Petition (doc. # 5) at p. 6 of 22 ¶ 5.B. and pp. 18-20 of 22). The trial court determined that Mr. Poindexter's postconviction motion was time barred pursuant to Colo. Rev. Stat. § 16-5-402(1) and that Mr. Poindexter had failed to demonstrate excuse or excusable neglect to avoid the time bar. (*See* doc. # 5 at pp. 18-20 of 22). Application of the time bar established by Colo. Rev. Stat. § 16-5-402(1) is an adequate and independent state procedural bar to federal habeas review. *Klein v. Neal*, 45 F.3d 1395, 1397-99 (10th Cir. 1995).

As Mr. Poindexter's Claims Two and Three are procedurally defaulted, federal habeas review by this court is barred.

V.      Exceptions to Procedural Default

The court must next determine whether an exception applies which would

overcome the procedural bar and allow Mr. Poindexter's defaulted claims to be reviewed by this court. Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or alternatively, that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 749-50.

The determination of cause and prejudice and of a fundamental miscarriage of justice are both matters of federal law. *See Murray v. Carrier*, 477 U.S. 478, 489, 106 S. Ct. 2639 (1986). In order to meet the "cause" element of the cause and prejudice standard, a petitioner must demonstrate that his failure to properly raise his federal constitutional claims in state court was the result of some objective factor external to the defense. *Carrier*, 477 U.S. at 488; *see also Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995) ("Examples of such objective factors include a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable.") (quoting *Carrier*, 477 U.S. at 488) (internal quotation marks omitted). "As for prejudice, a petitioner must show actual prejudice resulting from the errors of which he complains." *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (internal quotation marks and citation omitted).

"As an alternative to showing cause and prejudice, a procedurally defaulted petitioner can obtain federal review of his claims if he or she can demonstrate that failure to consider them will result in a fundamental miscarriage of justice." *Parkhurst v.*

*Shillinger*, 128 F.3d 1366, 1372 (10th Cir. 1997) (citation omitted). The fundamental miscarriage of justice exception is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir.1993) (quoting *Murray*, 477 U.S. at 496)).

Mr. Poindexter has not asserted any cause or prejudice for his failure to properly raise his defaulted claims in state court. Nor has he alleged or shown that the application of a procedural bar against his defaulted claims will result in a fundamental miscarriage of justice. The court concludes that Mr. Poindexter has not demonstrated "cause and prejudice" or a fundamental miscarriage of justice sufficient to excuse the procedural default. Mr. Poindexter's procedurally defaulted Claims Two and Three are properly dismissed with prejudice.

The court proceeds to examine the merits of Claim One, Mr. Poindexter's single remaining non-defaulted claim.

VI.  Merits of Mr. Poindexter's Claim One

1.  Standard of Review

Mr. Poindexter filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d) and (e), as amended by the AEDPA. *Williams v. Taylor*, 529 U.S. 362, 402

10

(2000). *See also Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)").

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law,"

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

When applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Poindexter] bears the burden of rebutting this

11

presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)). *See also Fields v. Gibson*, 277 F.3d 1203, 1215-16 (10th Cir. 2002) (If the court treats the issue as a factual determination under § 2254(d)(2) and (e)(1), it must ask whether the petitioner has "rebutted the presumption of correctness by showing, by clear and convincing evidence, that the state court's decision was an unreasonable determination of the facts.").

    2.    Analysis

Mr. Poindexter alleges in Claim One that his classification as a sex offender by the Colorado Department of Corrections required that the Colorado courts treat him as a sex offender for purposes of parole. (*See* Petition (doc. # 5) at p. 5 of 22). Relying on the "Cooper Exception to Mandatory Parole," Mr. Poindexter argues that the trial court erred in denying his Crim P. 35(c) motion to set aside his escape conviction for the reason that "he should never have been placed on mandatory parole because the underlying factual basis of his conviction for possession of a controlled substance was a sex offense." (*See* Exhibit D (doc. # 12-5) at p. 4 of 6; *People v. Cooper*, 27 P.3d at 348).

The Colorado Court of Appeals found that the trial court did not err in denying Mr. Poindexter's Crim P. 35(c) motion to set aside his escape conviction.

> In *People v. Cooper*, *supra*, the Colorado Supreme Court held that a defendant convicted of a sexual offense occurring between July 1, 1996, and November 1, 1998, is subject to discretionary parole that may not exceed the remainder of the defendant's sentence.
> The *Cooper* court classified a sexual offense under § 17-2-201(5),

> C.R.S. 2005, as (1) an offense involving unlawful sexual behavior or (2) an offense for which the *factual basis* involved unlawful sexual behavior as defined in § 16-22-102(9), C.R.S. 2005. Section 16-22-102(9) defines "unlawful sexual behavior" by listing offenses that include sexual acts.
> A factual basis for unlawful behavior can be established by (1) statements made by the defendant, (2) facts or fact-finding stipulated to by the defendant, or (3) facts found by the jury. *People v. Rockwell*, --- P.3d --- (Colo. No. 04SC584, Nov. 15, 2005).
> Here, defendant was not convicted of a sexual offense as defined by § 17-2-201(5) or any charge listed in § 16-22-102(9). The jury was unable to reach a verdict regarding defendant's attempted first degree sexual assault charge. As a result, defendant pled guilty to possession of a schedule II controlled substance in exchange for dismissal of the first degree sexual assault and habitual criminal counts.

(*See* Exhibit D (doc. # 12-5) at pp. 4-5 of 6). The Colorado Court of Appeals concluded that Mr. Poindexter "was subject to mandatory parole because the factual basis of his underlying charges did not involve an offense involving unlawful sexual behavior" and the record did "not include admissions by the defendant, facts stipulated to by the defendant, or a jury verdict which formulates a factual basis of unlawful sexual behavior."

Mr. Poindexter challenges the state courts' interpretation of Colorado statutory law and Colorado caselaw concerning what constitutes a sex offense and what classes of offenders are subject to mandatory versus discretionary parole. This court's review under § 2254 is confined to alleged errors of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998) ("Our scope of review in federal habeas proceedings is limited; we may grant habeas relief to a state prisoner only if state court error 'deprived

13

him of fundamental rights guaranteed by the Constitution of the United States.' ") (citation omitted). The state law rulings that Mr. Poindexter challenges provide no grounds for the granting of habeas relief. *Burleson v. Saffle*, 278 F.3d 1136, 1140-41 (10th Cir. 2002) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (affirming that "federal habeas corpus relief does not lie for errors of state law")) (additional citation omitted). Federal courts "do not concern ourselves with whether the state courts' rulings were contrary to Colorado law." *Morris v. Burnett*, 319 F.3d 1254, 1268 (10th Cir. 2003). *See also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law.").

Mr. Poindexter has not cited and the court has not found any federal constitutional law to support Claim One. To the extent that Mr. Poindexter may be arguing a constitutional violation (*see* Petition (doc. # 5) at p. 5 of 22) (generally listing "U.S. Const. Amend. V, VIII, XIV")), the Tenth Circuit Court of Appeals has held that the Colorado Supreme Court's interpretation of the sex offense parole statute as dictating discretionary, not mandatory, parole "is controlling in this court." *Lustgarden v. Gunter*, 966 F.2d 552, 554-55 (10th Cir. 1992) (holding that sex offenders are not members of a suspect classification and decision to deny sex offender mandatory parole does not violate equal protection). Mr. Poindexter is not similarly situated to sex offenders and there is no fundamental right involved. *See Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979) (parole is a privilege; there is no constitutional or inherent right to parole).

The state courts' determinations were not contrary to established federal law or

unreasonable determinations of the facts in light of the evidence.  Mr. Poindexter is not entitled to habeas relief on Claim One.

VII.    Conclusion

IT IS RECOMMENDED that the Second Amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" (filed April 23, 2007) (doc. # 5) be DENIED and this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and

recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 22nd day of February, 2008.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge