IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00544-PAB

CRAIG L. POINDEXTER,

    Applicant,

v.

ARISTEDES ZAVARES,
WARDEN REID,
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION

**Brimmer, J.**

The matter before me is the second amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (hereinafter referred to as the "Petition") [Docket No. 5] of Craig L. Poindexter (referred to herein as Mr. Poindexter or "the petitioner") .

Pursuant to a general order of reference dated May 10, 2007 [Docket No. 8], this case was referred to the assigned Magistrate Judge to submit proposed recommendations. On February 22, 2008, Magistrate Judge Craig B. Shaffer filed a carefully reasoned Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 17] recommending that Mr. Poindexter's habeas corpus petition be denied and the case dismissed with prejudice.

The petitioner, who is pro se, has filed a number of pleadings objecting to the Recommendation. *See* "Written Objections to the Findings of Magistrate Judge Craig B. Shaffer" [Docket No. 18], "Request for Review and Notice of Appeal" [Docket

No. 21], "Newly Discovered Evidence" [Docket No. 24], an untitled pleading filed on November 7, 2008 [Docket No. 35], "Motion to Direct the Courts Attention to Motion to Amend Request for Review and Notice of Appeal" [Docket No. 37], "Motion to Supplement" [Docket No. 38], and an untitled pleading [Docket No. 39] filed on December 24, 2008. The petitioner has also filed several related motions, which Magistrate Judge Shaffer granted as supplements to petitioner's objections to the Recommendation. *See* "Motion to Amend Request for Review and Notice of Appeal" [Docket No. 22] and "Motion to Approach the Court" [Docket No. 25].

**I. STANDARD OF REVIEW**

Because Mr. Poindexter is proceeding pro se, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Pursuant to 28 U.S.C. § 2254(d), this Court will grant habeas relief only where the state court unreasonably applied clearly established federal law or reached a decision based on an unreasonable determination of the facts. The Petitioner bears the burden of demonstrating by clear and convincing evidence that the trial court's factual findings are erroneous. 28 U.S.C. § 2254(e)(1); *Trice v. Ward*, 196 F.3d 1151, 1169-70 (10th Cir. 1999).

Where a party files timely objections, the Court reviews the objected-to portion of the recommendation *de novo*. Fed. R. Civ. P. 72(b). In this case, I have applied a *de novo* review to each part of the Recommendation.

## II. MERITS OF PETITIONER'S CLAIMS

At the time that he filed his Petition, Mr. Poindexter had been placed on parole after serving a Colorado state prison sentence arising from his conviction in Jefferson County Case No. 03CR645. *See* Petition at 9; Opinion of Colorado Court of Appeals in *People v. Poindexter*, Case No. 04CA0143, Dec. 1, 2005, at 1 (attached to Petition at 14). In the Jefferson County case, the petitioner was convicted at a jury trial on September 12, 2003 of Escape, a class three felony, in violation of Colo. Rev. Stat. § 18-8-208 (2004). He was sentenced to six years imprisonment on December 8, 2003.

### A. Claim One – That the State Unlawfully Placed Petitioner on Parole at the Time of His Alleged Escape

#### 1. Exhaustion of Remedies

A habeas petitioner is generally required to exhaust his state court remedies before seeking habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that a petitioner must give the state courts a fair opportunity to act on his claims before he presents them to a federal court in a habeas petition. *Id.* To do so, a petitioner must invoke one complete round of the state's established appellate review process. *Id.* at 845. Claims not included in a petition for discretionary review to the state's highest court are not exhausted and, if they are time-barred under state law, they are procedurally defaulted and not subject to review on the merits. *Id.*; *Gray v. Netherland,* 518 U.S. 152, 161-62 (1996); *Gonzales v. McKune*, 279 F.3d 922, 924 (10th Cir. 2002).

As to petitioner's first claim, respondents acknowledge that the petitioner has exhausted his state court remedies. The Recommendation agrees, as do I.

3

## 2.  Whether Petitioner Was in Lawful Custody

The petitioner's first claim is based on the contention that, at the time of his alleged escape, he was not in lawful custody.  See Response to Petition for Writ of Habeas Corpus (the "Response") [Docket No. 12], Exh. A, Poindexter's Opening Brief in Case No. 04CA0143, at 6-12.  The petitioner claims that he was not in lawful custody because he was improperly placed on mandatory, as opposed to discretionary, parole. Id. at 6.  The petitioner contends that, had he been subject to discretionary parole, he could not have been placed on any type of supervision after his release from prison because there was no unserved time left on his sentence.  Id. at 7.

The reason the petitioner believes that he should have been subject to discretionary parole is because of his conviction in January 1999 of Possession of a Schedule II Controlled Substance, Second Degree Criminal Trespass, and Third Degree Assault in Denver County Case No. 98CR1290.  See Response, Exh. B, People's Answer Brief in Case No. 04CA0143, at 1.  The court sentenced him to five years in the Colorado Department of Corrections.  See attachment to Docket No. 39 (transcript of change of plea and sentencing in Case No. 98CR1290).  Although his conviction on the drug count was subject to a three-year term of parole, Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A) (2004), the petitioner claims that the State of Colorado should have properly considered him to be a sex offender who is subject to discretionary parole.  The advantage to petitioner of being considered a sex offender for parole purposes is that, for offenses committed in 1998, sex offenders were subject to discretionary parole.  Discretionary parole differed from mandatory parole in that

discretionary parole was considered a part of the defendant's term of imprisonment. As explained by the Colorado Supreme Court in *People v. Cooper*, 27 P.3d 348, 356 (Colo. 2001), "for persons convicted of offenses involving unlawful sexual behavior committed on or after July 1, 1996, the period of parole granted by the parole board may be no longer than the unserved remainder of the offender's sentence at the time of his parole." By contrast, non-sex offenders convicted of felonies were subject to mandatory parole, meaning that they had to serve a defined term of parole in addition to their term of imprisonment. *Id.* at 353.

Petitioner says that he should have been considered a sex offender because, even though he pled guilty to non-sexual offenses in the January 1999 case, the underlying factual bases of his convictions were sex offenses with an offense date of January 31, 1998. *See* Response, Exh. A, Poindexter's Opening Brief in Case No. 04CA0143, at 8.

Petitioner's argument that he was subject to discretionary, as opposed to mandatory, parole was a critical argument in petitioner's state appeal. *Id.* at 6-12. The Colorado Court of Appeals, however, resolved this issue against him. That court construed state law, specifically Colo. Rev. Stat. § 17-2-201(5) (2005) regarding parole, and the factual record regarding petitioner's January 1999 plea and concluded that Mr. Poindexter "was subject to mandatory parole because the factual basis of his underlying charges did not involve an offense involving unlawful sexual behavior." *See* Opinion of Colorado Court of Appeals in *People v. Poindexter*, Case No. 04CA0143, Dec. 1, 2005, at 4 (attached to Petition at 17).

As fully explained in the Recommendation, the state court's interpretation of Colorado statutes and Colorado case law regarding mandatory versus discretionary parole is not subject to review by this Court because it did not apply federal law. 28 U.S.C. § 2254(d).

Moreover, petitioner has not carried his burden of showing that the factual determination of the state court regarding the basis of his January 1999 plea was erroneous. 28 U.S.C. § 2254(e)(1). In his Written Objections to the Findings of Magistrate Judge Craig B. Shaffer [Docket No. 18], at 2, petitioner claims that the Colorado Court of Appeals found that there was a factual basis of unlawful sexual behavior for his January 1999 plea. The Colorado Court of Appeals did not find that sexual misconduct was a factual basis for the offenses to which petitioner pled guilty; rather, it stated that "there was a factual basis for the sexual assault charge." Opinion of Colorado Court of Appeals in *People v. Poindexter*, Case No. 04CA0143, Dec. 1, 2005, at 4 (attached to Petition at 17). Petitioner did not plead guilty to the sex assault count. In fact, at the January 15, 1999 hearing where he pled guilty to the controlled substance charge, petitioner's attorney stated that Mr. Poindexter "maintains his innocence to the criminal sex assault because he claims he did not do that." Docket 39, transcript of January 15, 1999 hearing at 5. Thus, rather than there being an underlying factual basis of a sex offense for his 1999 drug conviction, the petitioner denied any such factual basis and the district court found none.

Lastly, petitioner has not properly identified any other federal or constitutional right that the State violated. For the first time, he makes the argument that the State's denial of his discretionary parole argument violates the Ex Post Facto clause of the U.S.

6

Constitution. *See* Written Objections to the Findings of Magistrate Judge Craig B. Shaffer [Docket No. 18] at 1. The Ex Post Facto Clause prohibits states from passing laws that retroactively alter the definition of crimes or increase the punishment for criminal acts. *See* U.S. Const. art. I, § 10, cl. 1; *Powell v. Ray,* 301 F.3d 1200, 1203 (10th Cir. 2002). A law or regulation violates the Ex Post Facto Clause if the law (1) applies to events occurring before it was enacted, and (2) disadvantages the petitioner by changing the definition of criminal conduct or increasing the sentence thereof. *Smith v. Scott*, 223 F.3d 1191, 1193-94 (10th Cir. 2000) (citing *Lynce v. Mathis,* 519 U.S. 433, 441 (1997)). Not only has the defendant failed to exhaust his state court remedies regarding any Ex Post Facto claim, but none of the facts cited by the petitioner meets the requirements of the test noted in *Smith v. Scott*. Thus, I reject petitioner's Ex Post Facto argument.

Petitioner also claims the existence of "newly discovered evidence" in the form of (a) a deputy district attorney's alleged statement in 1999 that the defendant was a sex offender and (b) alleged documentation in his Department of Corrections mental health file categorizing him as a sex offender. *See* Newly Discovered Evidence [Docket No. 24] at 1. However, even if the Court assumes that the petitioner has otherwise satisfied 28 U.S.C. § 2254(e), the petitioner has not shown that this evidence, if true, "would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). The issue, as the state Court of Appeals made clear, was that there was no factual basis, at the time of his January 1999 plea, to

consider him a sex offender.  The newly-discovered evidence, which involves things that occurred after his plea, has no bearing on that issue.

The petitioner's equal protection and due process objections were addressed in the Recommendation and, for the reasons cited therein, I reject them as well.  I agree with the Magistrate Judge that Claim One should be dismissed.

>  **B.  Claims Two and Three  –     That his Place of Confinement Was Not an Approved Parole Site; That his Escape Conviction Was Based on an Underlying Conviction of Someone Else**

The Recommendation recommends dismissing both Claim Two and Claim Three for petitioner's failure to exhaust his state remedies.  Mr. Poindexter has not provided any specific objection to the Recommendation regarding exhaustion of these claims.  The Magistrate Judge carefully reviewed both claims on exhaustion grounds and properly concluded that each was barred.  Petitioner has cited nothing that shows otherwise.  This Court agrees with the Magistrate Judge and adopts the reasoning of the Recommendation as to Claims Two and Three.

Wherefore, it is

**ORDERED** that petitioner's Motion to Supplement [Docket No. 38] is granted.  The Court has considered the arguments and authorities cited in such motion and in Docket No. 39.  It is further

**ORDERED** that the Court **ADOPTS** the Magistrate Judge's Recommendation [Docket No. 17]**,** and **DISMISSES** Mr. Poindexter's second amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" [Docket No. 5]**.**  It is further

**ORDERED** that, in light of the Court's adoption of the Recommendation and its dismissal of the Petition, petitioner's pleading seeking judgment [Docket No. 29] is denied as moot.

DATED December 31, 2008.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge