**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 28, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

CRAIG L. POINDEXTER,

　　Movant.

No. 12-1008
(D.C. No. 1:07-CV-00544-PAB-CBS)
(D. Colo.)

---

**ORDER**

---

Before **TYMKOVICH**, **GORSUCH** and **HOLMES**, Circuit Judges.

---

　　Craig L. Poindexter, a Colorado state prisoner appearing pro se, seeks authorization to file a second or successive 28 U.S.C. § 2254 application. Because Mr. Poindexter's proposed claims do not meet the requisite conditions for authorization under 28 U.S.C. § 2244, we deny the motion.

　　Mr. Poindexter was convicted in 1999 of possession of a controlled substance (the "underlying conviction"). He was sentenced to five years' imprisonment. In 2002, he was released on a three-year term of mandatory parole. He then violated the terms of his parole and was convicted of escape (the "escape conviction"). He was sentenced to six years' imprisonment on the escape conviction. He challenged his escape conviction in state court; it was affirmed.

　　Mr. Poindexter filed his first § 2254 habeas application challenging the escape conviction in 2007. He raised three claims, including a claim that the

mandatory parole term was illegally imposed in connection with the underlying conviction and that he should have only been subject to discretionary parole. His § 2254 application was denied by the district court. *See Poindexter v. Zavaras*, No. 07-cv-00544-PAB (D. Colo. Dec. 31, 2008) (unpublished order). This court denied Mr. Poindexter's request for a certificate of appealability. *Poindexter v. Zavaras*, 336 F. App'x 850, 851 (10th Cir. 2009). Mr. Poindexter then filed another state post-conviction motion, which was denied. In 2011, he filed a second § 2254 application. The district court ruled it was an unauthorized second or successive application and accordingly denied it for lack of jurisdiction.

A movant seeking to bring a second or successive § 2254 application may proceed only with a claim not presented in a prior application, *see* 28 U.S.C. § 2244(b)(1), that either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id*. § 2244(b)(2)(A), or relies on facts that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id.* § 2244(b)(2)(B)(i),(ii).

In his motion for authorization, Mr. Poindexter seeks to present the following claims:

1. Colorado did not prove every element of the charged offense on his escape conviction, including that the imposition of mandatory parole for his underlying conviction was lawful;

2. Colorado retroactively applied *People v. Rockwell*, 125 P.3d 410 (Colo. 2005), to impose the mandatory parole term in violation of his due process rights;

3. The Double Jeopardy Clause precludes his conviction for escape from mandatory parole;

4. Jefferson County did not have subject matter jurisdiction over the sentence of mandatory parole for the underlying conviction; and

5. Colorado arbitrarily withheld a rule of state law denying him relief from an illegal sentence.

We conclude that Mr. Poindexter has failed to demonstrate that his proposed claims satisfy the authorization standards. First, in his first § 2254 application, Mr. Poindexter already challenged the imposition of the mandatory parole term for his underlying conviction. We may not grant authorization as to any claim that has already been adjudicated in a previous § 2254 application. *See* 28 U.S.C. § 2244(b)(1). Second, to the extent that Mr. Poindexter is seeking to assert any new claims, he has not demonstrated that any of his proposed claims are based on newly-discovered evidence. He contends that all of his proposed claims are based on newly-discovered evidence, stating that the oral judgment and the sentencing transcript relating to his 1998 underlying conviction were missing

until recently.  He provides no evidence in support of this assertion and he gives no indication of what new information, if any, was contained in these allegedly newly-obtained transcripts.  We see nothing in his proposed claims to suggest that he has any new evidence "sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty."  *Id*. § 2244(b)(2)(B).

Accordingly, Mr. Poindexter's request for authorization is DENIED.  This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  *Id*. § 2244(b)(3)(E).

                                                Entered for the Court,

                                                ELISABETH A. SHUMAKER, Clerk